UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| :LAMAR-R..: SCHWARTZ, and  ) | |
| :DAVID-WYNN: MILLER,  ) | |
|     Plaintiffs,  ) | |
|   ) | |
| v.  ) | No. 3:12 CV 413 |
|   ) | |
| INTERRA CREDIT UNION,  ) | |
|     Defendant.  ) | |

**OPINION AND ORDER**

Plaintiffs Lamar R. Schwartz and David Wynn Miller (spelling their names in the ordinary way, as opposed to the stylized method in the complaint, which the court has attempted to reproduce above) have filed a complaint against defendant Interra Credit Union. (DE # 1.) The complaint, including attachments, is twenty-three pages long and is completely unintelligible.[1] Not surprisingly, defendant filed a motion to dismiss this action for failure to state a claim because of the complaint's incoherence and unintelligibility, or in the alternative for a more definite statement. (DE # 7.) The court ordered plaintiffs to file a response to the motion by September 12, 2012. (DE # 9.) They did not do so. Instead, on September 28, 2012, they filed an equally incomprehensible document which the clerk has abbreviated on the docket sheet as "Writ of the Fault," a phrase that does appear on the first page of the filing. (DE # 11.)

---

[1] The second attachment appears to be a Fannie Mae/Freddie Mac uniform single family mortgage instrument, and is not itself unintelligible. What is unintelligible is the meaning intended to be conveyed by the various annotations plaintiffs have made on the document.

RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). RULE 8 establishes the pleading requirements for a complaint filed in federal court. RULE 8(a) states:

> A pleading that states a claim for relief must contain:
>
>> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>>
>> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>>
>> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). "A plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation marks and citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendant's motion assumes that, in addition to Schwartz, David Wynn Miller is a plaintiff in this action. Although the civil cover sheet lists only Schwartz as a plaintiff, the caption of the initial document filed also contains Miller's name, and the document contains a printed signature and thumb-print which appear (the court assumes) to be

intended to indicate that Miller is a party. Therefore, like defendant, the court assumes that Miller is a party-plaintiff.[2]

Plaintiffs' twenty-three page filing is incoherent and unintelligible. As such, it fails to provide, in a short and plain statement of the claim(s), fair notice of the claim or the grounds upon which it rests, or to present any facts from which it can be inferred that either plaintiff is plausibly entitled to some form of relief due to actions taken by the defendant. The indecipherable allegations lack any cognizable legal theory or sufficient facts to support a cognizable theory. A "plaintiff must give enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), but the court is unable even to determine what story plaintiffs are attempting to tell through their assertions.

[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see also Hoskins v. Polestra*, 320 F.3d 761, 762 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus

---

[2] Moreover, the complaint is drafted in the style of a "language" apparently advocated by Miller. According to websites purporting to belong to Miller or to reflect his views, the "English Language Has Been Deliberately Modified To Enslave Us!" davidwynnmiller.com (last visited Oct. 2, 2012); see also dwmlc.com (last visited Oct. 2, 2012). In 1988 Miller discovered the "mathematical interface for language," and then "set out to correct the world's legal institutions." *Id*.

save everyone time and legal expense . . . even when the plaintiff has paid all fees for filing and service."). Although a district court should "allow ample opportunity for amending the complaint when it appears that by doing so the pro se litigant would be able to state a meritorious claim," *Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) (*quoting Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996)), nothing in plaintiffs' late response (the "Writ of the Fault") suggests that they will be able to state a meritorious claim. The allegations are rooted in an incomprehensible method of written communication, and the complaint suffers from more than a technicality or curable shortcoming. Accordingly, defendant's motion to dismiss (DE # 7) is **GRANTED**, and this action is dismissed with prejudice. Clerk to enter final judgment.

**SO ORDERED.**

Date: October 3, 2012

       s/ James T. Moody  
       JUDGE JAMES T. MOODY  
       UNITED STATES DISTRICT COURT